IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NANCY REILLY and RON REILLY, *

    Plaintiffs, *

v.     Case No: 2:08-CV-0027-WHA

ALFA MUTUAL INSURANCE COMPANY, *
INC., ALFA BUILDERS INC., et al, *
     *
    Defendants. *

### ANSWER

Come now the defendants designated as **"ALFA MUTUAL INSURANCE COMPANY, INC. and ALFA BUILDERS, INC."** and for answer to the complaint heretofore filed against them by the plaintiffs with reference to the above captioned matter, set forth the following, separately and severally:

#### FIRST DEFENSE

The Complaint and each paragraph therein fails to state a claim against these defendants upon which relief can be granted.

#### SECOND DEFENSE

(1) Defendants do not take issue with any of the averments contained in paragraphs #1 through #8 of plaintiffs' complaint. Defendants acknowledge the claims of plaintiffs, Nancy Reilly and Ron Reilly, alleged in paragraphs #1 and #2, but admit no liability regarding those claims in the causes of actions alleged. Defendants are not required to respond to the allegations asserted against fictitious parties under paragraphs #5, #6, #7 and #8 of plaintiffs' complaint.

(2) With respect to paragraphs #9 and #10 of plaintiffs' complaint, defendants contend that, pursuant to their Petition for Removal, jurisdiction and venue are proper in the Middle District of Alabama, Northern Division.

(3) Defendants admit the allegations of paragraph #11 of plaintiffs' complaint.

(4) In paragraph #12, defendants deny that the entrance to the ALFA Real Estate Building consisted of two (2) sets of large heavy glass doors and aver that the outer set of doors are wooden, and the inner set of doors are glass. Defendants admit the remaining averments in paragraph #12.

(5) Defendants deny, in paragraph #13, that the outer doors are glass as alleged and denies generally the characterization of the rubberized flooring. Defendants do admit that the flooring created a non-slip surface in the vestibule area as alleged.

(6) As to paragraph #14 of plaintiffs' complaint, defendants admit that Nancy Reilly was accompanied by co-worker, Doug Gould, but are without information sufficient to form a belief as to the truth or accuracy of her movements with her foot and hand into the building. Defendants deny that Nancy Reilly slipped on wet flooring as alleged and demands strict proof thereof.

(7) As to paragraph #15 of plaintiffs' complaint, defendants admit that a reception desk was located in the lobby of the building, but denies there were three (3) agents, servants and/or employees of ALFA at the desk at the time of the incident made the basis of plaintiffs' complaint. Defendants are without information or belief as to what knowledge these employees would have and therefore, said averment is denied. Defendants admit that there were no signs and/or markers in the area and no warning was issued as no wet condition existed of which to warn visitors. Defendants are without information sufficient to form a belief as to what floor covering was in place in the lobby on the date of Nancy Reilly's incident made the basis of the complaint.

(8) Defendants admit that Nancy Reilly received injuries as a result of a fall, but deny the nature and extent of those injuries and demand strict proof thereof as alleged in paragraph #16.

(9) As to paragraph #17 of plaintiffs' complaint, defendants admit that Norman Schlemmer came to the aid of Nancy Reilly and further that EMS personnel responded to a call to provide treatment to Nancy Reilly. Defendants deny that Norman Schlemmer was alerted to the incident by screams emitted by three (3) employees positioned at the lobby desk as alleged and demand strict proof thereof.

(10) Defendants are without information sufficient to form a belief as to the truth or accuracy of any type medical treatment received by Nancy Reilly as alleged in paragraphs #18, #19, #20, #21, #22, #23, #24, #25 and #26 of the complaint; therefore those averments are denied.

(11) Defendants deny that standing water accumulated in the entry way of the building as alleged in paragraph #27 of plaintiffs' complaint and demand strict proof thereof. Defendants do not take issue with the remaining averments contained in paragraph #27.

(12) Defendants deny there was an accumulation of water which would impose upon them a duty to remedy or warn; therefore the averments contained in paragraphs #28, #29 and #30 which are based upon such premise are denied.

(13) Defendants deny that they were guilty of any negligence and/or breached any duty owed to the plaintiffs as alleged in paragraphs #31, #32, and #33 of the complaint.

(14) Defendants admit that the plaintiff, Nancy Reilly, sustained an injury, but deny the nature and extent of her injury as alleged in paragraph #34.

(15) Defendants deny that they were guilty of any wanton misconduct on the occasion complained of or that their conduct caused the injuries as alleged by the plaintiffs in paragraphs #35, #36, and #37 of the complaint and demand strict proof thereof.

(16) Defendants admit that plaintiff, Nancy Reilly, sustained an injury as a result of a fall on the premises on the occasion complained of but, deny the nature and extent of her injury as alleged in paragraph #38, and demand strict proof thereof.

(17)  Defendants deny generally the claim of loss of consortium asserted by plaintiff, Ron Reilly, in paragraphs #39 and #40 of the complaint. Defendants further deny that they breached any legal duty owed to plaintiff, Ron Reilly, and the damages he claims, and demand strict proof thereof.

### THIRD DEFENSE

Defendants aver that any injuries and/or damages suffered by the plaintiff, Nancy Reilly, and through which her husband, Ron Reilly, claims, were caused in whole or in part, or were contributed to by Nancy Reilly's own negligence.

### FOURTH DEFENSE

At all times stated in the complaint, Nancy Reilly assumed the risk of injury which risk was open, obvious and well known to her, and all claims made by her, and through which Ron Reilly claim, are thereby barred.

### FIFTH DEFENSE

Defendants aver that plaintiffs herein have failed to mitigate their damages as required by law and plaintiffs are not entitled to recover those damages which they could have mitigated through the exercise of reasonable efforts and/or diligence.

### SIXTH DEFENSE

Defendants aver that the dangerous condition claimed by Nancy Reilly was an open and obvious danger for which no duty to warn was necessary.

### SEVENTH DEFENSE

Defendants aver that the injury producing accident was caused by persons and/or entities over whom these defendants had no control.

### EIGHTH DEFENSE

Defendants aver that the injury producing the accident was caused by an efficient intervening cause.

## NINTH DEFENSE

Defendants deny that they breached any type duties owed to the plaintiffs and demand strict proof thereof.

## TENTH DEFENSE

Defendants aver that they are entitled to a set off of any funds received from outside sources for compensation payments or payments for medical bills for the injuries sustained by the plaintiff made the basis of the complaint.

## ELEVENTH DEFENSE

Defendants plead an accord and satisfaction.

## TWELFTH DEFENSE

Defendants plead the Doctrine of Estoppel.

## THIRTEENTH DEFENSE

Defendants plead the Doctrine of Laches

## FOURTEENTH DEFENSE

Defendants plead that any award of punitive damages to the plaintiffs in this cause will be violative of the Fifth Amendment as well as the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## FIFTEENTH DEFENSE

Defendants plead that an award of punitive damages to plaintiffs in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

## SIXTEENTH DEFENSE

Defendants plead that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States.

## SEVENTEENTH DEFENSE

Defendants plead that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to the defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## EIGHTEENTH DEFENSE

Defendants plead that any award of punitive damages to plaintiffs in this case will be violative of Article I, Section 6, of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINETEENTH DEFENSE

Defendants plead that any award of punitive damages to plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## TWENTIETH DEFENSE

Defendants plead it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

Defendants plead it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against these defendants, which are penal in nature, by requiring a burden of proof on plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-SECOND DEFENSE

Defendants plead that any award of punitive damages to plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-THIRD DEFENSE

Defendants plead that any award of punitive damages to the plaintiffs in this cause will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the plaintiffs in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981, in §27-1-17, *ALA. CODE*, 1975, as amended.

### TWENTY-FOURTH DEFENSE

Defendants deny each and every material fact contained in plaintiffs' complaint and demands strict proof thereof.

### TWENTY-FIFTH DEFENSE

Defendants hereby give notice that they intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus, reserve the right to amend their Answer and assert any such defense upon reasonable notice to all parties involved.

### TWENTY-SIXTH DEFENSE

Defendants plead the general issue.

_____
Don G. DeCoudres
Attorney for Defendants
*ALFA Mutual Insurance Company, Inc.*
*ALFA Builders, Inc.*

**OF COUNSEL**
P.O. Box 36988
Birmingham, Alabama 35236
Telephone:     (205) 988-5463
General Fax:   (205) 988-9538
Direct Fax:    (866) 819-6716
Atty Code:     DEC002 / ASB-7867-D56D
E-mail:        Don.DeCoudres2@thehartford.com

## CERTIFICATE OF SERVICE

I, Don G. DeCoudres, do hereby certify to this Court that I have, on January 9, 2008, served a copy of the above and foregoing Answer to Complaint upon the following counsel involved in this proceeding by electronic filing and/or placing same in the U.S. mail, first-class and postage prepaid:

>Mr. W. Todd Harvey
>Mr. Peter H. Burke
>*Burke, Harvey & Frankowski, LLC*
>One Highland Place
>2151 Highland Place
>Birmingham, Alabama  35205

_____
OF COUNSEL